Michael Kind, Esq.
NV Bar No. 13903
KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117
Phone: (800) 400-6808 x7
FAX: (800) 520-5523
mkind@kazlg.com

David H. Krieger, Esq. (SBN: 9086)
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 130
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
dkrieger@hainesandkrieger.com
*Attorneys for Plaintiff Crystal L. Oetzel*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Crystal L. Oetzel,<br><br>                    Plaintiff,<br>v.<br><br>Constar Financial Services, LLC,<br><br>                    Defendant. | Case No.: 2:16-cv-2796<br><br>**Class Action**<br><br>**Complaint for damages and injunctive relief  pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq.**<br><br>**Jury trial demanded** |

**INTRODUCTION**

1. Crystal L. Oetzel ("Plaintiff") brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Constar Financial Services, LLC ("Defendant"), in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

4.  Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call. . . ." *Id.* at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744

## JURISDICTION AND VENUE

5.  This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (2012).

6.  Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the State of Nevada in this judicial district, (ii) the harm to Plaintiff complained of herein occurred within this judicial district and (iii) Defendant does substantial business within this judicial district and is subject to personal jurisdiction in the District of Nevada.

## PARTIES

7.  Plaintiff is, and at all times mentioned herein was, citizens and residents of the State of Nevada.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

8.  Plaintiff is informed and believes, and thereon allege, that Defendant is, and at all times mentioned herein was, a foreign limited liability company doing business in Nevada and is a "person," as defined by 47 U.S.C. § 153(39).

9.  Upon information and belief, Defendant is a debt collection company.

10. Upon information and belief, Defendant is the owner (or frequent user) of one or more of the telephone numbers used by Defendant to make telephone calls to Plaintiff in violation of the TCPA.

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

**FACTUAL ALLEGATIONS**

11. In or about August 2016, Defendant began to attempt to collect debt from Plaintiff on behalf of Hyundai Motor Finance Company (the "Loan").

12. Plaintiff takes no position as to the validity or enforceability of the Loan since it is not relevant to this case.

13. At no time did Plaintiff give Defendant or Hyundai Motor Finance Company prior express written consent to place calls to Plaintiff's cellular telephone using an automated dialing system.

14. Starting in or about August 2016, Defendant called Plaintiff on Plaintiff's cellular telephone in an attempt to collect debt, using an automated dialing system.

15. During the first call that Defendant placed to Plaintiff's cellular telephone, Plaintiff warned Defendant to "stop calling" her cellular telephone.

16. Thereafter, Defendant continued to call Plaintiff's cellular telephone, using an automatic telephone dialing system.

17. Whenever Plaintiff answered Defendant's unsolicited telephone calls, there was a substantial pause before a live person appeared on the telephone line.

18. Defendant called Plaintiff using the phone number (725) 502-2087.

19. Defendant's calls were all made to Plaintiff's cellar telephone, serviced by T-Mobile.

20. Defendant placed these calls using an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

21. These telephone calls were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

22. Upon information and belief, the ATDS used by Defendants has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

23. Upon information and belief, the ATDS used by Defendant also has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention.

24. Defendant used an ATDS when it made the phone calls described above because when Plaintiff answered the calls, Plaintiff noted a "pause" before a live person appeared on the line which is "characteristic of an automated dialer." *See, e.g.*, *Thomas v. Dun & Bradstreet Credibility Corp.*, 100 F. Supp. 3d 937, 945 (C.D. Cal. 2015); *ATDSOliver v. DirecTV, LLC*, No. 14-cv-7794, 2015 U.S. Dist. LEXIS 47964, at *11-12 (N.D. Ill. Apr. 13, 2015) ("allegation regarding the 'momentary pause,' along with his other allegations regarding Defendant's phone calls, are sufficient to draw a reasonable inference that Defendant used an ATDS"); *Lofton v. Verizon Wireless (VAW) LLC*, No. 13-cv-05665-YGR, 2015 U.S. Dist. LEXIS 34516, at *17 (N.D. Cal. Mar. 18, 2015) ("descriptions of the 'telltale' pause after plaintiff picked up each call until the agent began speaking, which suggests the use of a predictive dialing system").

25. Defendant's calls was placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs charges.

26. Upon information and belief, these telephone calls were made to Plaintiff for the purpose of collecting debt.

27. The telephone calls were unwanted by Plaintiff.

28. Defendant did not have prior express written consent to place the calls to Plaintiff.

29. In response to the calls, Plaintiff asked Defendant to take Plaintiff's telephone number off of their calling lists but Defendant continued to call Plaintiff.

30. The telephonic communication by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1).

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

31. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

32. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that Defendant interrupted Plaintiff with an unwanted calls using an ATDS.

33. Defendant's calls forced Plaintiff to live without the utility of her cellular phone by occupying her cellular telephone with these unwanted calls, causing a nuisance and lost time.

34. Defendant's calls to Plaintiff's cellular telephone number were unsolicited by Plaintiff and without Plaintiff's permission or consent.

35. Plaintiff is informed and believes and here upon alleges, that the calls were made by Defendant and/or Defendant's agent(s), with Defendant's permission, knowledge, control and for Defendant's benefit.

36. Through the aforementioned conduct, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

37. Further, Defendant's violations also caused Plaintiff to suffer a real and concrete harm because when Defendant called Plaintiff, Plaintiff suffered from an invasion of her privacy and her time was wasted on phone calls with Defendant when Defendant had no right to contact Plaintiff.  Defendant also consumed and wasted Plaintiff's cellphone battery life.  Plaintiff also suffered from frustration and annoyance which the TCPA was enacted to prevent.  *See*, *e.g.*, *Mey v. Got Warranty, Inc*., No. 5:15-CV-101, 2016 U.S. Dist. LEXIS 84972, at *8 (N.D.W. Va. June 30, 2016) ("[S]uch calls also cause intangible injuries, regardless of whether the consumer has a prepaid cell phone or a plan with a limited number of minutes. The main types of intangible harm that unlawful calls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

consumer's cell phone, and (3) wasting the consumer's time or causing the risk of personal injury due to interruption and distraction.").

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated ("the Class").

39. Plaintiff represents, and is a member of the Class, consisting of

> All persons within the United States who received any telephone call from Defendant or its agents or employees, not sent for emergency purposes, to the person's cellular telephone made through the use of any automatic telephone dialing system and/or with an artificial or prerecorded message within the four years prior to the filing of this Complaint.

40. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

41. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduced cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

42. This suit seeks only statutory damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

1  additional persons as warranted as facts are learned in further investigation and
2  discovery.

3  43. The joinder of the Class members is impractical and the disposition of their
4  claims in the Class action will provide substantial benefits both to the parties
5  and to the court. The Class can be identified through Defendant's records or
6  Defendant's agents' records.

7  44. There is a well-defined community of interest in the questions of law and fact
8  involved affecting the parties to be represented. The questions of law and fact
9  to the Class predominate over questions which may affect individual Class
10 members, including the following:

   a)   Whether, within the four years prior to the filing of this Complaint,
11        Defendant or their agents initiated any telephonic communications to
12        the Class (other than a message made for emergency purposes or
13        made with the prior written express consent of the called party) using
14        any automatic dialing system to any telephone number assigned to a
15        cellular telephone service;
16

   b)   Whether Defendant can meet its burden of showing Defendant
17        obtained prior express written consent;
18

19 c)   Whether Defendant's conduct was knowing and/or willful;

20 d)   Whether Plaintiff and the Class members were damaged thereby, and
21        the extent of damages for such violation; and

22 e)   Whether Defendant and/or its agent/s should be enjoined from
23        engaging in such conduct in the future.

24 45. As a person that received at least one telephonic communication from
25 Defendant's ATDS without Plaintiff's prior express written consent, Plaintiff is
26 asserting claims that are typical of the Class. Plaintiff will fairly and adequately
27 represent and protect the interests of the Class in that Plaintiff has no interests
28 antagonistic to any member of the Class.

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

COMPLAINT                              - 8 -                    CASE NO.: 2:16-cv-2796

46. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

47. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the TCPA.

48. A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

49. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION

### Negligent Violations of the TCPA

### 47 U.S.C. § 227, *et seq.*

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

52. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

53. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**

**Knowing and/or Willful Violations of the TCPA**

**47 U.S.C. § 227, *et seq.***

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

56. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

57. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully request the Court grant Plaintiff and The Class members the following relief against Defendant:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative in this matter;
- Appoint Plaintiff's Counsel as Class Counsel in this matter;
- Provide injunctive relief prohibiting Defendant's unlawful conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A);

- Award statutory damages of $500.00 for each of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), pursuant to 47 U.S.C. §227(b)(3)(B);
- Award statutory damages of $1,500.00 for each of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(C); and
- Any other relief the Court may deem just and proper.

## TRIAL BY JURY

58. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 5th day of December 2016.


KAZEROUNI LAW GROUP, APC

By:     /s/ Michael Kind
        Michael Kind, Esq.
        7854 W. Sahara Avenue
        Las Vegas, NV 89117
        *Attorneys for Plaintiff*